IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00252-001 DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DAWE GLOVER, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANT'S MOTION
TO MODIFY AND/OR CORRECT SENTENCE

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing.  After reviewing Defendant's motion and the supporting memoranda, the Court DENIES Defendant's Motion to Modify Sentence.

BACKGROUND

On June 16, 2006, Defendant was charged with one Count of Possession of Child Pornography.  The offense involved almost 1,000 images and 6 videos of child pornography involving prepubescent minors portraying sadistic and/or masochistic conduct.  On January 11, 2007, Defendant pled guilty to this

single-Count with no plea agreement.  On July, 5 2007, Defendant was sentenced to 60 months imprisonment.

## DISCUSSION

In this Motion to Modify and/or Correct Sentence, Defendant seeks to clarify that he received no sexual arousal from the pornographic images involving children.  Psychologist Carol P.M. Tyler supports this claim based on results from a Penile Plethysmograph, which detected absolutely no sexual arousal to children from Defendant.

Defendant, however, provides no legal argument as to how this information would lead to a lesser sentence.  It is not the Court's responsibility to determine if Defendant experienced sexual arousal from the images, only to impose a sentence based on his possession of those images.

Dr. Tyler had also assessed Defendant through a sex offender treatment program since his conviction, and insists that he has no risk of sexually offending against a child.  As noted in Defendant's Motion, the Court is, and had been, well aware that there is "no evidence whatsoever that Defendant ever molested children or engaged in any dealing in pornography."  This was not considered as an aggravating factor and Defendant's sentence was not increased on this bases.

An aggravating factor during the sentencing was Defendant's history of drug and alcohol abuse, particularly his use of alcohol during the time the images were downloaded.  It is stipulated that Defendant's intoxication may have released his inhibitions, resulting in the download of child pornography.  Whether or not his alcohol addiction "released an underlying predilection or arousal in Defendant with respect to children and child pornography," the crime still remains the same.

Since it is possession of these images that brings the charges against Defendant, the imposed sentence is based on such.  The Defendant has been sentenced to 60 months in custody based on Count 1 of the indictment.  Mitigating factors such as drug/alcohol treatment programs, change of lifestyle, and familial responsibilities by Defendant have already been considered in the sentence.  The sentence, as imposed now, is well below the minimum guideline range of 78 months imprisonment.  Therefore, Defendant's Motion to Modify Sentence is DENIED.

## CONCLUSION

For the reasons stated above, the Court DENIES Dawe Glover's Motion to Modify and/or Correct Sentence.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 27, 2007.



_____
David Alan Ezra
United States District Judge

United States of America v. Dawe Glover, CR No. 05-00252-001 DAE; ORDER DENYING DEFENDANT'S MOTION TO MODIFY AND/OR CORRECT SENTENCE