IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Cr. No. 05-00252 DAE |
| | ) |
| vs. | ) 18 USC 2252A |
| | ) |
| DAWE GLOVER, | ) |
| | ) DECLARATION OF SAMUEL P. KING, JR.; |
| Defendant. | ) EXHIBITS A& B |
| | ) |

DECLARATION OF SAMUEL P. KING, JR.

I, SAMUEL P. KING, JR., declare and say:

As this Court is aware, Defendant had been having a series of serious medical problems which have postponed his surrender date. He is presently set to surrender on September 15, 2008. Attached are the two most recent reports from Defendant's treating orthopedic doctor, Dr. Mark D. Shaieb, regarding Defendant's "frozen shoulder" problem. As Dr. Shaieb's second report of August 27, 2008, indicates, Defendant previously had a "frozen shoulder" problem on his left shoulder and had to have a "manipulation under anesthesia" previously (this means he had a shoulder operation).

As Dr. Shaieb's first report indicates, Defendant fell and injured his right shoulder several months ago and has been having a lot of pain and inability to move his right shoulder. Defendant reports to me that he needs help putting on his clothes because his right shoulder is so stiff. Dr. Shaieb's reports indicate that Defendant has been undergoing therapy on the right shoulder for several months, and Defendant has only achieved some improvement in pain but still has a very stiff shoulder with "poor motion" that will need a "manipulation under anesthesia" (an operation) in two months (from August 27, 2008) unless further therapy has success to be determined one week before the scheduled operation. The fact that Defendant had the same problem on his left shoulder seems

to indicate that he will have to go ahead with the surgery.

I submitted these two reports from Dr. Shaieb to the Assistant United States Attorney in this case, Larry Tong, and Mr. Tong is not willing to agree to a continuance of the surrender date based on the reports submitted. Because Defendant's condition is serious and requires an operation in late October unless conditions vastly improve between now and then (which is not likely based on the history of this problem already and the history of the other shoulder), Defendant requests that this Court consider a short continuance of three months on the surrender date to permit Defendant to have the shoulder surgery and a short recovery period before he begins serving his incarceration term. Having him enter prison in this condition may well mean that the federal government will be responsible for cost of the surgery, and Defendant will be a difficult inmate to handle physically while he is in this condition.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

DATED: Honolulu, Hawaii, April 18, 2008.

_____
SAMUEL P. KING, JR.
Attorney for Defendant